UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON MICHAEL WOOSLEY,

Petitioner,

v.

EDWARD BORLA,

Respondent.

Case No.   2:25-cv-2619-TLN-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Aaron Michael Woosley, a state prisoner, brought this section 2254 action raising three claims: first, that his trial counsel rendered ineffective assistance; second, that his conviction was obtained by evidence that was unlawfully seized in violation of the Fourth Amendment; and third, that the warrant used to seize the evidence that convicted him was "fabricated." ECF No. 1 at 4-5.   Respondent has filed a motion to dismiss, arguing that petitioner failed to exhaust his claim for ineffective assistance, and that his two other claims are not cognizable on federal habeas review.   Petitioner has filed an opposition that also seeks to strike the motion to dismiss.   ECF No. 17.   Respondent has filed a reply.   ECF No. 19.   I recommend that respondent's motion be granted and that this action be dismissed.   I will deny petitioner's motion to appoint counsel, ECF No. 12, motion to set evidentiary hearing, ECF No. 13, and motion to strike, ECF No. 17.

1

Motion to Dismiss

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

Here, petitioner's ineffective assistance claim was raised in a habeas petition before the state superior court that was filed on May 16, 2024. ECF No. 16-5 at 4. The state superior court denied the petition because, at that time, petitioner's case was pending on direct appeal and there was no barrier to him pursuing his claims on direct review. ECF No. 16-6 at 2. Petitioner did not raise the ineffective assistance claim on direct review, however. ECF No. 16-2 at 1 (state appellate court opinion noting that petitioner raised two claims: (1) that state court erred in denying motion to suppress and (2) in failing to stay sentence for possession of ammunition). In his opposition, petitioner argues that he did exhaust this claim when he filed habeas petitions in the state appellate court and the California Supreme Court. ECF Nos. 16-7 & 16-9. Both of these petitions were silently denied, the first on July 26, 2024, ECF No. 16-8, and the second on September 11, 2024, ECF No. 16-10. The period for direct review had not ended at the time of these decisions; the state appellate court did not decide his petition for direct review until May 2025. ECF No. 16-2 at 1. Thus, his presentation of the ineffective assistance claim to the California Supreme Court did not exhaust the claim because it was presented "for the first and only time in a procedural context in which its merits will not be considered . . . ." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Accordingly, I find that his ineffective assistance claim was not properly exhausted.

I also agree that his contentions regarding unlawfully seized evidence do not implicate cognizable federal habeas claims. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas

corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Respondent correctly argues that petitioner was afforded such an opportunity under California Penal Code section 1538.5, that he availed himself of that opportunity by litigating a suppression motion, and ultimately challenged the denial of that motion on direct review, ECF No. 16-2 at 1.  His second and third claims are non-cognizable on this basis.

Accordingly, it is ORDERED that petitioner's motion to appoint counsel, ECF No. 12, motion to set evidentiary hearing, ECF No. 13, and motion to strike, ECF No. 17 are DENIED.

Further, it is RECOMMENDED that respondent's motion to dismiss, ECF No. 14, be GRANTED and the petition be DISMISSED for the reasons stated in these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 29, 2026                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

3