UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON MICHAEL WOOSLEY,

Petitioner,

v.

EDWARD BORLA,

Respondent.

Case No. 2:25-cv-2619-TLN-JDP (P)

FINDINGS AND RECOMMENDATIONS

On June 1, 2026, I recommended that respondent's motion to dismiss, ECF No. 14, be granted, and that the petition be dismissed. ECF No. 21. Specifically, I found that petitioner's ineffective assistance of counsel claim was not properly exhausted, and that his claims regarding unlawfully seized evidence were not cognizable because he was afforded a full and fair opportunity to litigate them in state court. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). On July 22, 2026, the district judge adopted those recommendations over petitioner's objections. ECF No. 24. Petitioner filed a motion for reconsideration on August 10, 2026, ECF No. 26, and then, four days later, on August 14, 2026, filed a notice of appeal, ECF No. 27. On September 4, 2026, the Ninth Circuit stayed appellate proceedings pending a ruling on the motion for reconsideration. ECF No. 31. I have reviewed the motion for reconsideration and, for the reasons below, recommend that it be denied.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah County v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, petitioner has failed to show that any of these elements are met.

First, petitioner argues that his ineffective assistance of counsel claim was fully exhausted, because it depended on facts outside the trial record and, thus, could not be litigated on direct appeal. ECF No. 26 at 3. Rather, he contends that it could only be litigated in a habeas petition. *Id.* But here, when petitioner tried to raise this claim in a habeas petition, the state superior denied it, noting that it appeared to be based on the trial record and avenues remained for him to appeal it directly. ECF No. 16-6 at 2. Subsequent habeas petitions in the state appellate and supreme courts received silent denials, ECF Nos. 16-8 & 16-10, and, thus, presumably rest on the same ground, especially since the period for direct review had not yet ended at the time these decisions issued. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). And petitioner's contention that the claim could not be raised on direct appeal is inadequately supported. His claim argues that trial counsel was ineffective in failing to file a suppression motion until trial, and that this late motion did not raise critical issues or challenge obvious, albeit unspecified, deceptions. ECF No. 1 at 4. These issues, namely the timing of the suppression motion and its contents, would have been reflected in the trial record and, thus, were capable of being raised and adjudicated on direct appeal.

Second, with respect to his suppression claims, petitioner argues that *Stone v. Powell* does not bar his claims because they are intertwined with his ineffective assistance claim. ECF No. 26 at 3-4. These attempts to recast his claims are not well taken. The petition itself plainly and explicitly casts these claims as stemming from unlawfully seized evidence. ECF No. 1 at 4-5.

Accordingly, it is RECOMMENDED that petitioner's motion for reconsideration, ECF No. 26, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE